IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cheryl Inabinet, personally and as Personal Representative for the Estate of Joseph Inabinet, Brittany Inabinet, Valerie Inabinet, and Seth Inabinet,<br><br>Plaintiffs,<br><br>vs.<br><br>The Greenville County Sheriff's Office, Former Sheriff Will Lewis, Greenville County, Master Deputy Kevin James Azzara, Master Deputy Ivan Rodriguez, Deputy Jared Randall Oliver, and Deputy Juan Jose Olalde,<br><br>Defendants. | C.A. No.: 6:19-cv-01501-TMC-KFM<br><br>**PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION TO GRANT THE DEFENDANTS SUMMARY JUDGMENT** |

COME NOW, the plaintiffs, and file their objection to the Report and Recommendation to grant the defendants summary judgment (ECF 17).

In the report, the Court notes that Cheryl Inabinet was on the scene when the decedent was shot and on notice then that "a claim might exist." Whether a claim "might exist," though, is not the test for when a claim is or should be discovered. Under both South Carolina and federal law, a statute of limitations does not begin to run until a person knows or should know that a claim exists. See S.C. Code Ann. § 15-3-530(5): "[. . . all actions] must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."[1] See also *Brooks v. City of Winston-Salem, N. Carolina*, 85 F.3d 178 (4th Cir. 1996) quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995 (en banc), cert. denied, 116 S.Ct. 1273 (1996): "Under federal law a cause of action accrues when the plaintiff

---

[1] The statute of limitations under the Tort Claims Act is two years, but it is triggered when the plaintiff learns she has a claim.

1

possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." To grant summary judgment because a plaintiff *might* have known a claim existed before any depositions are taken does not give the plaintiff every reasonable inference she is entitled to when she is the non-moving party in a summary judgment motion. Additionally, the plaintiff has provided an affidavit in which she states that the defendants actively kept information from her and her family, which resulted in a delay in learning of the details related to the shooting. Those same defendants that withheld information from the plaintiffs now seek to benefit from their unjust actions by asking the Court to grant them summary judgment.

      The Court offers the ruling in *Tanyel v. Osborne*, 312 S.C. 473, 441 S.E.2d 329 (Ct. App. 1994) as support for its recommendation to grant summary judgment. The plaintiffs respectfully submit that a motor vehicle collision is a much different incident from a police shooting. In a police shooting, hopefully, the presumption is that protocol was followed and that there is no claim for gross negligence. It is only through "reasonable inquiry" that one can learn whether a claim for gross negligence exists. In the South Carolina Tort Claims Act, the legislature could have simply stated that the statute begins to run from the date of the loss. However, the legislature chose instead to include the language "or should know" in reference to the discovery of a claim. The plain language of the statute should govern the Court's decision.

      In this case, Cheryl Inabinet has alleged that she "tried several times to obtain police reports, and she was denied the same." In fact, according to Cheryl Inabinet's affidavit, she made "multiple attempts fo [*sic*] two months" to get documentation related to the decedent's death. Additionally, a SLED officer in Columbia told Inabinet he would get her the documents when he traveled to Greenville to "sign off" on the case; if that officer ever did that, he did not contact Inabinet. Inabinet "finally stopped trying because [she] was unable to get the documents." The

plaintiffs finally received the documents in 2019. Prior to receiving the reports and documents related to the decedent's death, the plaintiffs were unable to know they had a cause of action. As a result, the time for the statute of limitations for the decedent's state law claims did not begin to run until they were able to conduct a reasonable inquiry into the shooting.[2] Taking the "complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor," the plaintiffs filed their state law claims within two years of learning of the cause of action and, as a result, within the applicable statutes of limitation. See also *Burgess v. American Cancer Society*, 300 S.C. 182, 386 S.E.2d 798 (Ct. App. 1989) (statute starts to run upon discovery of such facts as would have led to knowledge thereof if pursued with reasonable diligence). Taken in a light most favorable to the plaintiffs, Cheryl Inabinet diligently and repeatedly tried to obtain the necessary documents but failed – through no fault of her own. She was able to conclude that a claim might exist related to excessive force and the number of shots fired into her unarmed husband only after an inquiry without the benefit of the documents.[3]

The plaintiffs respectfully submit that to deprive the plaintiffs of their right to bring state law causes of action under these circumstances would amount to a gross injustice. While the plaintiffs respect the Court's recommendation, the plaintiffs must file an objection, both for the purpose of serving the plaintiffs' best interests and in order to preserve for appeal all issues related to the defendants' motion.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that the defendants' motion to dismiss be denied.

---

[2] It is uncontested that the plaintiffs filed the Section 1983 claim well within the three-year statute of limitations.

[3] Additionally, Deputy Azzara shot the decedent's dog in 2016 and shot a homeowner through the homeowner's front door in Simpsonville, South Carolina, in July 2019.

Respectfully submitted,

HAWKINS & JEDZINIAK, LLC

*s/Joshua T. Hawkins*
Joshua T. Hawkins (Federal ID #11418)
Helena L. Jedziniak (Federal ID #12809)
1225 South Church Street
Greenville, South Carolina 29605
Greenville, South Carolina    (864) 275-8142 (telephone)
August 2, 2019    (864) 752-0911 (facsimile)
josh@hjllcsc.com
helena@hjllcsc.com
Attorneys for Plaintiff