IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cheryl Inabinet, personally and as Personal Representative for the Estate of Joseph Inabinet, Brittany Inabinet, Valerie Inabinet, and Seth Inabinet,<br><br>    Plaintiffs,<br><br>vs.<br><br>The Greenville County Sheriff's Office, Former Sheriff Will Lewis, Greenville County, Master Deputy Kevin James Azzara, Master Deputy Ivan Rodriguez, Deputy Jared Randall Oliver, and Deputy Juan Jose Olalde,<br><br>    Defendants. | Case No.: 6:19-cv-01501-TMC-KFM<br><br>**DEFENDANTS' REPLY TO THE PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION** |

  Defendants The Greenville County Sheriff's Office, Former Sheriff Will Lewis, Greenville County, Master Deputy Kevin James Azzara, Master Deputy Ivan Rodriguez, Deputy Jared Randall Oliver, and Deputy Juan Jose Olalde, by and through their undersigned attorneys, submit this Reply to the Plaintiffs' Objections to the Report and Recommendation. The Defendants reassert their previous arguments made in their Motion to Dismiss, Memorandum and Reply Memorandum. See Entry Numbers 4, 4-1, and 13. The Defendants also contend that the Report and Recommendation was an accurate ruling based upon the applicable law that should be affirmed by the Court. See Entry Number 17.

  In their Objections to the Report and Recommendation, the Plaintiffs initially take issue with the language, "a claim might exist." See Entry Number 18 at p. 1. However, caselaw that the undersigned contends is directly on point specifically states, "In other words, whether the particular plaintiff actually knew he had a claim is not the test. Rather, courts must decide whether

the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, **or that some claim against another party might exist."** Id.; citing Young v. South Carolina Dep't of Corrections, 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct.App.1999). (Emphasis added). Further, the Report and Recommendation contains a correct analysis of the applicable law in this case and reaches the correct conclusion that the Plaintiffs knew or should have known that they had a claim on the date of death of the decedent, March 4, 2017. See Entry Number 17 at p. 6.

It is important to note that Plaintiff Cheryl Inabinet was present for all facts surrounding the subject incident. It is also important to note that many of the allegations made by Plaintiff Cheryl Inabinet surround her personal involvement during and after the shooting at issue. See Entry 1-1 at pp. 3-4. Plaintiff Cheryl Inabinet had direct knowledge of her conversations and interactions with deputies, her statements to deputies after the incident, and the relinquishment of her cell phone after the incident. Id. These allegations form a substantial basis of a number of the Plaintiffs' claims.

Plaintiff Cheryl Inabinet's alleged inability to obtain a police report did not prevent the Plaintiffs from pursuing claims. Clearly, they proceeded with retaining counsel and filing the subject action. Further, the Plaintiffs clearly did not need to obtain a police report before filing suit if they believed that the decedent was improperly killed or believed that their privacy had been invaded. In fact, as alleged by the Plaintiffs in their Amended Complaint, the Plaintiffs specifically knew about Plaintiff Cheryl Inabinet's alleged history of 911 calls to the Defendants, knew about the alleged prior personal interactions between the Defendants and the decedent, and knew about her alleged statements to the dispatcher claiming the decedent planned to commit "suicide by cop." Id. at p. 3, paragraphs 13-18.

On information and belief, Plaintiff Cheryl Inabinet could hear the gunshots from inside her home. Therefore, there are very few factual allegations contained in the Plaintiffs' Complaint that did not come from her personal knowledge of the incident, all of which was readily known by her as the incident and subsequent events transpired. Therefore, there is only one proper conclusion to reach in this case, and that is the conclusion that the Plaintiffs' state law claims are time barred.

In addition to the arguments above, the Defendants wanted to specifically address footnote 2 in the Plaintiffs' Objections to the Report and Recommendation. See Entry Number 18 at p. 3. The Defendants dispute this footnote and dispute the statement, "It is uncontested that the plaintiffs filed the Section 1983 claim well within the three-year statute of limitations." Id. While the Defendants did not include the Section 1983 claim in their motion to dismiss, that does not mean that it is "uncontested." While it is uncontested that the Plaintiffs' suit was filed within three (3) years of March 4, 2017, the Defendants do not concede that all, or even some, of the Plaintiffs' alleged Section 1983 claims are subject to a three (3) year statute of limitations. Based on unsettled case law, it is possible that some or all of the Plaintiffs' alleged Section 1983 claims are, in fact, state tort claims act claims disguised as Section 1983 claims and, as a result, are subject to the two-year statute of limitations under the South Carolina Tort Claims Act. The Defendants specifically reserve the right to raise this issue in a subsequent Motion if so warranted.

Based on the foregoing, it is abundantly clear that the Plaintiffs' alleged loss in our case occurred at or soon after the time of the death of the decedent and that their statute of limitations began running on that date, March 4, 2017. As a result, the Plaintiffs' state law claims are time-barred by the applicable two-year statute of limitations due to the fact that the Plaintiffs' original Summons and Complaint were not filed until March 25, 2019.

As a result, the Defendants respectfully request that those claims be dismissed with prejudice.

Respectfully submitted,

*s/*James P. Walsh
James P. Walsh (Fed Bar No.: 5636)
P. Christopher Smith, Jr. (Fed Bar No. 9921)
**Clarkson, Walsh & Coulter, P.A.**
P.O. Box 6728
Greenville, SC 29606
(864) 232-4400 Phone
(864) 235-4399 Fax
jwalsh@clarksonwalsh.com email
csmith@clarksonwalsh.com email
Attorneys for Defendants

Greenville, South Carolina
August 16, 2019