IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cheryl Inabinet, personally and as Personal Representative for the Estate of Joseph Inabinet, Brittany Inabinet, Valerie Inabinet, and Seth Inabinet, | ) ) ) ) ) | Civil Action No. 6:19-cv-1501-TMC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| The Greenville County Sheriff's Office, Former Sheriff Will Lewis, Greenville County, Master Deputy Kevin James Azzara, Master Deputy Ivan Rodriguez, Deputy Jared Randall Oliver, and Deputy Juan Jose Olalde, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings, or in the alternative, Motion for a More Definite Statement. (ECF No. 4). Plaintiffs' complaint alleges various state law claims as well as a federal claim pursuant to 42 U.S.C. § 1983, arguing that the Defendants violated the constitutional rights of the decedent and Plaintiffs. (ECF No. 1-1). The action was originally filed in the Court of Common Pleas for Greenville County, and Defendants removed the case to this court based on federal question jurisdiction. (ECF No. 1). All parties are represented by counsel. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the court construe Defendants' Motion to Dismiss as a motion for summary judgment and that the court grant summary judgment as to Plaintiffs' state law claims. (ECF No. 17). The magistrate judge notified the parties of their right

1

to file objections to the Report. *Id.* at 7. Plaintiffs filed timely objections to the Report. (ECF No. 18). Defendants did not file objections, but they responded to Plaintiff's objections. (ECF No. 21). The time for objections has now run, and the matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

Plaintiffs filed a complaint in the Court of Common Pleas for Greenville County on March 25, 2019.[1] Plaintiffs then filed an Amended Complaint alleging claims for (1) common law liability for negligence, gross negligence, and recklessness as to all Defendants; (2) negligent hiring, supervision, and retention as to Defendants Greenville County, Greenville County Sheriff's Office, and Former Sheriff Will Lewis; (3) violation of constitutional rights as to the U.S. Constitution and South Carolina Constitution pursuant to 42 U.S.C. § 1983, as to all

---

[1] The court takes judicial notice of matters of public record. *See Zak v. Chelsea Therapeutics, Intern., Ltd.*, 780 F.3d 597, 602 (4th Cir. 2015). Plaintiff's original complaint was filed with the Greenville Court of Common Pleas, and can be located at *Inabinet v. Greenville County Sheriff's Office*, 2019CP2301515, https://www2.greenvillecounty.org/SCJD/PublicIndex/CaseDetails.aspx?County=23&CourtAgency=23002&Casenum=2019CP2301515&CaseType=V&HKey=98120107657755476657668770114105534898755210677741206910911573748810751781181086685118667511576799 (last visited August 20, 2019).

Defendants; (4) survival action pursuant to S.C. Code Ann. § 15-5-90 as to all Defendants; and (5) wrongful death as to all Defendants. (ECF No. 1-1).

The magistrate judge set forth a detailed account of the factual allegations in Plaintiffs' complaint. (ECF No. 17 at 2–3). Briefly, Plaintiffs allege that Greenville County deputies shot and killed the decedent, Joseph Inabinet, at the residence of his estranged wife, Plaintiff Cheryl Inabinet ("Cheyrl").[2] (ECF No. 1-1 at 3–4). Plaintiffs allege the deputies knew or should have known that the decedent did not pose a danger to them based on the deputies' previous encounters with the decedent. *Id.*

On this occasion, Cheryl called law enforcement after the decedent came to her house, began knocking on her doors and windows, and told Cheryl to call the police. *Id.* at 3. Cheryl told the police dispatcher that her husband wanted to commit "suicide by cop," and explained his mental instability. *Id.* The Complaint asserts that when deputies arrived, the decedent began to yell "I'm armed! Why aren't y'all firing?" *Id.* Plaintiffs allege that at that time, instead of trying to resolve the dispute peacefully, the deputies "pulled their firearms and fired at least 29 times" at decedent, killing him. *Id.* Plaintiffs claim that Defendants drove them to the station immediately thereafter and insisted that they give statements regarding the events. *Id.* at 4. Plaintiffs allege that the police took Cheryl's phone and downloaded its contents prior to letting them leave the station. *Id.* According to the complaint, the South Carolina Law Enforcement Division later determined that "the decedent was unarmed at the time the defendants killed him and the decedent only had a BB gun." *Id.* Plaintiffs claim that Cheryl tried many times to obtain police reports regarding the incident, but her requests have been denied. *Id.*

---

[2] It appears from the Amended Complaint that the remaining plaintiffs are shared children of the decedent and Cheryl.

Defendants filed the instant motion, moving for dismissal of Plaintiffs' state law claims pursuant to Fed. R. Civ. P. 12(b)(6) and for judgment on the pleadings pursuant to Rule 12(c), or, in the alternative, for a more definite statement pursuant to 12(e). (ECF Nos. 4; 4-1). Defendants claim that Plaintiffs' state law claims are barred by the two-year statute of limitation ("SOL") set forth in the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-110. (ECF No. 4-1 at 2–4). Plaintiffs argue the SOL provision in SCTCA applies but assert that the claims were timely under such provision. (ECF No. 11). The parties disagree on when the SOL began to run. *See* (ECF Nos. 4-1; 11) The magistrate judge filed a Report, which recommended that this court grant Defendants summary judgment as to Plaintiffs state law claims because the claims are barred by the SOL. (ECF No. 17). Plaintiffs filed timely objections (ECF No. 18), and Defendants replied (ECF No. 21). The matter is now ripe for review.

## II. STANDARD

While Defendants' motion was initially filed as a Motion to Dismiss, in considering the motion, the court has relied on various affidavits that were not attached to the pleadings. When "matters outside the pleadings are presented and not excluded by the court," a motion to dismiss "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

The parties agree that the two-year SOL period[3] in the SCTCA applies to Plaintiffs' state law claims.[4] However, the parties disagree on when the two-year SOL period began to run. Additionally, the parties agree that the incident occurred on March 4, 2017, which is the date

---

[3] This provision states that
> Except as provided for in Section 15-3-40, any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date of loss was or should have been discovered; provided, that if the claimant first filed a claim pursuant to this chapter then the action for damages based on the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered.

S.C. Code Ann. § 15-78-110.

[4] The court notes that the SCTCA only applies to claims against state agents in their official capacities. *See* S.C. Code Ann. § 15-78-60. Plaintiffs complaint appears to allege state law claims against the Defendants in their official capacities and within the scope of their employment, which fall under the parameters of the SCTCA. Additionally, the magistrate judge noted in his Report that Plaintiffs brought their state law claims against Defendants in their official capacities (ECF No. 17 at 5), and Plaintiffs did not object to this finding. Additionally, Plaintiffs have conceded that the SOL in the SCTCA applies to the state law claims and have argued that "[t]he plain language of the statute should govern the Court's decision." (ECF No. 18 at 2). Accordingly, the court finds that the only state law claims set forth in this action are ones against Defendants in their *official* capacities.

listed in the Coroner's Report. (ECF Nos. 4-1 at 3–9; 11 at 1). Defendants argue that the SOL period began to run on the date of decedent's death, March 4, 2017. (ECF No. 21 at 3). Plaintiffs contend that the SOL period did not begin to run until they "were able to conduct a reasonable inquiry into the shooting" and that the fact that Cheryl was unable to obtain any documents regarding the incident precluded any such inquiry. (ECF No. 11 at 4–5).

The magistrate judge determined that the SOL "began to run on March 4, 2017, the date of the incident, as Cheryl . . . was on notice that she had a claim when the decedent was shot and killed." (ECF No. 17 at 6). Accordingly, the magistrate judge recommended that this court grant Defendants' motion for summary judgment as to Plaintiffs' state law claims. *Id.* In their objections, Plaintiffs argue that Defendants should not benefit from withholding documents from Plaintiffs and that it was only through reasonable inquiry into those documents that Plaintiffs could have known they had a claim. (ECF No. 18 at 2). Plaintiffs argue that precluding them from going forward in this case would amount to "gross injustice." *Id.* at 3.

As noted above, claims brought under the SCTCA must be "commenced within two years after the date of loss was or should have been discovered." S.C. Code Ann. § 15-78-110. The SCTCA specifically defines "loss" as

> bodily injury, disease, death, or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, and another other element of actual damages recoverable in actions for negligence but does not include the intentional infliction of emotional distress.

S.C. Code Ann. § 15-78-30(f). "Provisions of the [SCTCA] establishing limitations upon and exemptions from liability of a governmental entity must be liberally construed in favor of limiting the liability of the State." *Bayle v. South Carolina Dep't of Transp.*, 542 S.E. 2d 736,

739 (S.C. Ct. App. 2001) (citations omitted). Accordingly, pursuant to the clear language of the statute, the loss that Plaintiffs are claiming in this action occurred on March 4, 2017.

However, as Plaintiffs argue, the SOL under the SCTCA does not necessarily begin to run on the date of loss, but rather, begins to run on the date that the "date of loss *was or should have been* discovered." S.C. Code Ann. § 15-78-110 (emphasis added). The discovery rule is applicable to actions brought under the SCTCA. *Bayle*, 542 S.E.2d at 740. According to the discovery rule, "the statute of limitations begins to run when a cause of action reasonably ought to have been discovered." *Id.* The inquiry into what date discovery of a cause of action should have been made is objective rather than subjective. *Id.* "[C] must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist." *Id.* Moreover, "the fact that the injured party does not comprehend the full extent of his injuries is immaterial" to the objective analysis under the discovery rule. *Knox v. Greenville Hosp. Syst.*, 608 S.E.2d 459, 462 (S.C. Ct. App. 2005).

In viewing the facts of this case in the light most favorable to Plaintiffs, as this court is required to do at the summary judgment phase, the court finds a person of common knowledge and experience would have been put on notice of a potential claim on March 4, 2017, the night of the incident. According to their complaint, Plaintiffs were at the house the night that the decedent was killed, though it is unclear whether Plaintiffs were inside or outside the house.[5] (ECF No. 1-1 at 3). After the decedent was killed, Plaintiffs were driven to the Greenville County Sherriff's office where Defendants took Cheryl's phone from her and downloaded its contents. *Id.* at 4. Accordingly, the court finds that there is no genuine dispute of material fact that the SOL began to run on March 4, 2017, the date of loss, because as of that date, a reasonable person in

---
[5] In fact, the house belonged to Cheryl. (ECF No. 1-1 at 3).

Plaintiffs' position with the Plaintiffs' knowledge and experience should have discovered that some right had been invaded or that some claim against Defendants might exist.

The fact that Plaintiffs did not have the written reports setting forth the specific details of how the incident occurred, which would potentially allow Plaintiffs to further develop their claims, is immaterial. *Knox v. Greenville Hosp. Syst.*, 608 S.E.2d 459, 462 (S.C. Ct. App. 2005); *see also Tanyel v. Osborne*, 312 S.E.2d 329, 331 (S.C. Ct. App. 1994) (stating that the success or failure of the plaintiff's investigation into his claims was irrelevant to the inquiry of when the statute of limitations began to run). Instead, the fact that that Plaintiffs attempted to investigate what happened the night of the incident and worked diligently to procure the reports only further demonstrates that Plaintiffs were aware that a claim may exist. *See Tanyel*, 312 S.E.2d at 331 (stating that "[u]ndertaking such an investigation demonstrates notice of a potential claim"). Accordingly, the court overrules Plaintiffs' objections to the Report.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 21) and incorporates it herein. Accordingly, the court construes Defendants' Motion to Dismiss (ECF No. 4) as a motion for summary judgment and **GRANTS** summary judgment for the Defendants as to Plaintiffs state law claims. The case will continue on Plaintiffs' § 1983 cause of action only.

**IT IS SO ORDERED.**

<span>s/Timothy M. Cain<br>Timothy M. Cain<br>United States District Judge</span>

September 3, 2019
Anderson, South Carolina